Nott, J.,
delivered the opinion of the court:
This is an action brought to recover the proceeds in the treasury of ten bales of cotton, seized by Treasury agents of the Government, in October, 1865, at Charleston. The amount claimed is $2,322.28.
The only point in the case is a question of the admissibility of evidence. The claimants moved for a rule, which was allowed, calling upon the Secretary of the Treasury for—
“ 1. A statement of the amouut of cotton seized and collected at or near Charleston, South Carolina, by Supervising Special Agent T. 0. Callicott in 1865, and by him shipped to Simeon Draper, United States cotton agent at New-York.
“2. A statement showing from what sub-agent said cotton was received by him, and where and by whom the same was seized.
“3. A statement showing the amount of such cotton sold in New York by said Simeon Draper, the aggregate amount for which the same was sold, the expenses thereof, and the net proceeds per bale.”
The Secretary, in reply, transmitted several reports of assistant Treasury agents, with correspondence and ex-parte afluía vits therein referred to. The affidavits were made about the time of the seizure by the Treasury agents, and apparently to authenticate the facts upon which their action was based.
The claimants now object to these affidavits upon two grounds: First, that they were not called for by them, and are not respon *417 give to their rule upon the Treasury $ second, that, being ex parte-, they arc incompetent evidence against the claimants.
As to the first ground of objection, it is true that a party is not bound to receive every irresponsive answer that a witness may thrust upon him; yet, as these pápers form a part of the record, the defendants obviate that difficulty by offering them as their own, and the question really to be determined 'is, whether they are competent.
The object for which the affidavits are introduced is to establish the fact that the captured cotton belonged to the Confederate government, and not to the claimants’ vendor. The claimants have proved their title to the property by competent ■evidence. Can the defendants overthrow it by these ex-parte papers"! We think not. If the affidavits could be brought into the case as a part of the supervising .Treasury agent’s report, they would be evidence only to show the pretext upon which the Treasury agents acted, i. e., the ground upon which they based their seizure. They could not be used to • establish the substantive fact that the right of seizure did, in fact, .exist; that the cotton was, in fact, the property of the Confederate government. Such a defense can be substantiated only by competent legal evidence, which needs not to be defined.
Of the ten bales of cotton seized the proceeds of only seven seem to have come to the Treasury, and to that extent the ■claimants should recover.
The judgment of the court is, that the claimants recover the proceeds of seven bales of cotton, seized by the Treasury agents of the United States at Charleston, being $123.20 per bale, amounting in the aggregate to $802.82.